## BENJAMIN SEARS v. FREDERICK BROADY.

FILED NOVEMBER 6, 1902.    No. 12,229.

Commissioner's opinion, Department No. 1.

1. **Covenant Against Incumbrances, When Broken.** A covenant against incumbrances in a warranty deed is broken, if at all, when made, and does not run with the land.

2. ———: PETITION: ALLEGATION: BREACH: EVICTION. A petition for an alleged breach of the covenant of general warranty in a deed, must allege an eviction, a surrender or an attorning by reason of a paramount title. *Troxell v. Stevens*, 57 Nebr., 334.

ERROR from the district court for Johnson county. Action on covenant of warranty. Demurrer to petition.

Overruled. Defendant refused to plead further. Tried below before STUBBS, J. Judgment for plaintiff. *Reversed.*

*Hugh J. Dobbs,* for plaintiff in error:

It will be apparent that the question at issue is the right of a covenantee to sue on a covenant against incumbrances in a deed which does not run to him. The theory of the case is that Broady has a right to avail himself of the covenant against incumbrances contained in the deed from Sears to Hickey, his grantor. The facts being fully set out in the petition, its sufficiency is fairly presented by the record and it is for this court to say whether under these facts Broady has any standing in court.

The theory upon which the defendant in the lower court proceeded was that there was no privity of contract between Sears and Broady on the former's covenant against incumbrances in his deed to Hickey; and that, under our forms of conveyance, the usual covenant against incumbrances is a personal covenant, not running with the land, a mere chose in action, incapable of transmission or assignment by deed to a remote covenantee so as to invest him with a right of action against any but his immediate covenantor.

The courts of the United States do not appear to be in entire harmony on this question. "In several of the states this covenant is held to run with the land for the protection of the owner, who suffers actual injury from the incumbrance. * * * This is substantially the rule in Ohio, Indiana, Illinois, Wisconsin, Missouri and South Carolina. In most of these states, the rule in respect to this covenant is the same that is applied in actions for breach of the covenant of seizin. They are treated as covenants of indemnity against actual damage, arising in the one case from the want of lawful title, and in the other from the assertion of a paramount incumbrance; that they run with the land until such damage has actually risen." 2 'Sutherland, Damages (1882), pp. 317, 321, and note 1.

The covenant against incumbrances is in the present tense. *Chapman v. Kimball,* 7 Nebr., 399.

*Samuel P. Davidson, contra:*

It is not necessary to set out the facts constituting the eviction. *Cheney v. Straube,* 43 Nebr., 879, 881.

Where the plaintiff has been compelled to purchase in another title for his own security, or to protect his own title, a breach of the covenant of warranty or of quiet enjoyment has occurred. Rawle, Covenants, etc. [5th ed.], sec. 142 *et seq.; Sprague v. Baker,* 17 Mass., 585, 590; *Petrie v. Folz,* 54 N. Y. Sup. Ct., 223; *Cowdrey v. Coit,* 44 N. Y., 382; *Gunter v. Williams,* 40 Ala., 561, 572; *Collier v. Cowger,* 52 Ark., 322; *McGary v. Hastings,* 39 Cal., 360, 364; *McConnell v. Downs,* 48 Ill., 271; *Claycomb v. Munger,* 51 Ill., 373, 376; *Mooney v. Burchard,* 84 Ind., 285; *Eversole v. Early,* 80 Ia., 601, 604.*

HASTINGS, C.`

The error alleged in this case is the overruling of a demurrer to the petition filed by the plaintiff in the lower court. The petition is as follows:

"And now comes said plaintiff and complains of said defendant and alleges that on the 5th day of November, 1900, said defendant being the owner of the southeast quarter of section twenty-two (22) in township five (5) north of range twelve (12) east in Nemaha county, Nebraska, made, executed and delivered to John C. Hickey his warranty deed conveying said lands to said Hickey on that date. Said deed was duly acknowledged on the 7th day of November, 1900, and filed for record on the 27th day of November, 1900, and recorded in book 31 of deeds in Nemaha county, Nebraska, at page 567. Said deed, among. other covenants contained the following: 'Covenants and warrants, to wit: We covenant with said John C. Hickey that we hold said premises by good and perfect title; that we have good and lawful authority to sell and convey the

* The foregoing authorities are excellent on the question of constructive eviction.—W. F. B.

same; that they are free and clear of all liens and incumbrances whatsoever, and covenant to warrant and defend said premises against the lawful claims of all persons whomsoever.' Plaintiff further avers that afterwards and on the 26th day of November, 1900, said John C. Hickey sold and conveyed said real estate to this plaintiff by his full warranty deed of that date which was acknowledged on that day by said John C. Hickey and his wife Alice D. Hickey, who joined in said conveyance, and was duly filed for record on the 27th day of November, 1900, and duly recorded in book 31 of deeds for Nemaha county, Nebraska, at page 568. Said deed also contained a covenant whereby said John C. Hickey and his wife Alice D. Hickey covenanted with said Frederick Broady that they hold said premises by good and perfect title; that they have good right and lawful authority to sell and convey the same; that they are free and clear of all liens and incumbrances whatsoever and they covenant to warrant and defend said premises against the lawful claims of all persons whomsoever. Both of said deeds were regularly delivered to the grantees therein named and are now in full force and effect. Plaintiff further avers that notwithstanding the covenants of warranty and the covenant against incumbrances contained in said conveyances, there was at the date of the execution of said deed by said defendant and his wife as valid and subsisting incumbrances against said land, the taxes for the year 1899 and the taxes for the year 1900. Plaintiff further avers that on the 5th day of November, 1900, said land was sold by the county treasurer of Nemaha county, Nebraska, for the taxes against said land for the year 1899, and on the 15th day of December, 1900, said taxes for said year aggregated the sum of $52.39, and this plaintiff, in order to protect his title to said land was compelled to and did pay said taxes for the year 1899 amounting to $52.39 on said 15th day of December, 1900, whereby said defendant became liable to plaintiff therefor and is justly indebted to him in said sum of $52.39 and interest from December 15, 1900.

"2d. As a second and further cause of action plaintiff avers that on the 15th day of December, 1900, the taxes against said land for the year 1900, which became a lien thereon from and after April 1, 1900, aggregated the sum of $46.20, and were at the date of said conveyance from said defendant above named a subsisting and valid lien upon said premises, and on December 15, 1900, this plaintiff in order to protect his title and ownership to said land was compelled to pay and did pay said taxes for the year 1900 against said land amounting to $46.20, and said defendant then became liable to this plaintiff therefor and justly indebted to him in said amount.

"3d. As a third and further cause of action plaintiff avers that at the date of said conveyance from said Benjamin Sears there was existing a judgment against said Benjamin Sears in favor of one George L. Ernst in a cause lately determined in the district court for said Nemaha county, Nebraska, wherein said George L. Ernst was plaintiff and said Benjamin Sears was defendant, in the sum of $2.94. Said judgment was a valid and subsisting lien upon said lands at the date of said conveyance from said Benjamin Sears to said John C. Hickey and on the 15th day of December, 1900, this plaintiff, in order to protect his title and ownership to said land was compelled to pay and did pay said judgment then aggregating the sum of $2.94 and said defendant then became liable to this plaintiff and is justly indebted to him for said sum of $2.94, no part of which has ever been paid to plaintiff.

"Wherefore said defendant has become justly liable to this plaintiff in the sum of $101.53, the aggregate of the amounts above mentioned, together with interest thereon from and after December 15, 1900, and plaintiff prays judgment against said defendant for said sum of $101.53 and interest thereon from and after December 15, 1900, at the rate of ten per cent. per annum, and costs of suit."

To each cause of action a general demurrer was filed, and also to the petition as a whole. It was overruled, and defendant refusing to plead further, judgment was entered

for the sum asked. At the trial, apparently the question argued was as to whether or not the covenant against incumbrances runs with the land, so that plaintiff would be entitled to recover on that covenant of defendant's deed to Hickey. Plaintiff seems to have successfully urged in the district court his claim that he could so recover. His counsel now seem to abandon that ground in view of the decisions of this court to the effect that the covenant against incumbrances is broken when made, if at all, and confers an immediate right of action upon the vendee, but not upon his successors to the title. *Walton v. Campbell,* 51 Nebr., 788; *Troxell v. Stevens,* 57 Nebr., 329, 337; *Chapman v. Kimball,* 7 Nebr., 399; *Davidson v. Cox,* 10 Nebr., 150; *Cheney v. Straube,* 35 Nebr., 521, 524.

It is claimed, however, by the plaintiff that the petition is good against a general demurrer, as alleging a breach of the covenant of warranty, and for quiet enjoyment. This is urged on the ground that the petition alleges two sales of the land for taxes, and payment by plaintiff "in order to protect his title," and that he "was compelled to and did pay said taxes." This seems insufficient. In *Troxell v. Stevens,* 57 Nebr., 329, 334, it is said: "This court is unalterably committed to the doctrine that no recovery can be had on the covenant of warranty unless there has been an actual eviction, surrender or attorning by reason of a paramount title," citing *Real v. Hollister,* 20 Nebr., 112; *Cheney v. Straube,* 35 Nebr., 521; *Troxell v. Johnson,* 52 Nebr., 46; *Hampton v. Webster,* 56 Nebr., 628. The last-mentioned case was reversed because of no allegation that plaintiff had been evicted, and there was therefore no cause of action stated in the petition.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and

the cause remanded for further proceedings according
to law.

REVERSED AND REMANDED.